# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-40530
Summary Calendar

DAVID JOEL DAVIS, also known as Thunder Cloud Davis

Plaintiff-Appellant

v.

CHERYL KYLE; KEN E KUYKENDALL; TITO ORIG; UNKNOWN
UNIVERSITY OF TEXAS MEDICAL BRANCH EMPLOYEE

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-79

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Joel Davis, Texas prisoner # 582332, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for leave to proceed IFP in his 42 U.S.C. § 1983 civil rights action. The district court denied Davis leave to proceed IFP both in his civil action and on appeal after concluding that Davis was barred from proceeding IFP under the three-strikes provision in 28 U.S.C. § 1915(g). That provision prohibits a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prisoner from proceeding IFP if he has "on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim." *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

The district court determined that Davis had earned strikes under § 1915(g) based on the dismissal, as frivolous, of Davis's claims in *Davis v. Bryant*, No. 6:03-CV-564, at 1 (E.D. Tex. March 17, 2004); the dismissal, as frivolous, of Davis's appeal in *Davis v. Bryant*, No. 04-40471, at 1-2 (5th Cir. Dec. 17, 2004); and the dismissal, as frivolous, of Davis's claim in *Davis v. Delarossa*, No. 3:06-CV-368, at 1 (S.D. Tex. Feb. 19, 2008). However, the district court erred in attributing a strike to Davis for the district court's dismissal of his claim in *Davis*, No. 3:06-CV-368, at 1. Davis's appeal from that decision, *Davis v. Delarosa*, No. 08-41329, is still pending in this court. A dismissal as frivolous of a complaint may not be counted as a strike for purposes of § 1915(g) until the appellate process has been exhausted or waived. *Adepegba*, 103 F.3d at 387.

We have not identified any other actions and appeals in which Davis has accumulated a strike for purposes of § 1915(g). As Davis has only two strikes under § 1915(g), the district court erred in determining that he was barred under that provision from proceeding IFP both in the district court and on appeal. Accordingly, we grant Davis leave to proceed IFP on appeal and assess an appellate filing fee in accordance with § 1915(b)(1). We direct the district court to calculate Davis's initial partial filing fee and to order collection of that fee and the remaining installments from him in accordance with § 1915(b). Moreover, we vacate the denial of Davis's motion to proceed IFP in the district court, and remand Davis's case for further proceedings.

> IFP ON APPEAL GRANTED; APPELLATE FILING FEE ASSESSED; DENIAL OF MOTION TO PROCEED IFP IN THE DISTRICT COURT VACATED; CASE REMANDED.